CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 0 8 2009

JOHN F. CORCORAN, CLERK
BY: /s/ S. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NATHANIEL TYREE RIVERS,<br>    Plaintiff, | Civil Action No. 7:09-cv-00039 |
| v. | **MEMORANDUM OPINION** |
| MIDDLE RIVERS REGIONAL JAIL,<br>    Defendant. | By: Hon. James C. Turk<br>Senior United States District Judge |

Nathaniel Tyree Rivers, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Rivers alleges that the doctor did not give him sufficient treatment and the jail does not serve three balanced meals per day on weekends. Rivers names the Middle River Regional Jail ("Jail") as the sole defendant. This matter is before the court for screening. After reviewing Rivers' submissions, the court dismisses the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Rivers alleges the following facts. Rivers told jail staff that he was hypoglycemic, and staff replied that the condition was not noted in his file. (Compl. 7.) Staff took Rivers to the nurse, who tested his blood and gave him a sugar pill. Rivers later saw the staff doctor, who "was going to give" Rivers a low-sugar bag. The doctor denied Rivers' request for a full physical, and Rivers contacted his lawyer, Linda Czyzyk, but nothing ever happened. (Id. 8.)

The court conditionally filed the complaint, advised Rivers that he failed to state a claim upon which relief may be granted or name a proper defendant,[1] and provided him twenty days to

---

[1] The conditional filing order specifically informed Rivers of the information he should provide to the court to proceed.

amend his complaint. Rivers responded with a letter that the court construes as Rivers' first motion to amend and grants. See Fed. R. Civ. P. 15(a) (stating such an amendment is a matter of right). Rivers alleges in this letter that the inmate handbook states that inmates are protected from corporal punishment, threats, harassment, and discrimination. (Letter (docket #9) 1.) Rivers acknowledges violating the Jail rule prohibiting three-way phone calls and alleges that they consequently placed him in twenty-four hour lock-down as punishment, constituting discrimination. Rivers also believes that there is a lot of racism at the Jail, and he is not receiving enough food because he arrived at the jail weighing 230 pounds but now weighs 194 pounds. (Id. 2.)

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's grounds for relief "requires more than labels and conclusions. . . ." Id. Although the court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the court does not act as the inmate's advocate, sua sponte developing statutory

2

and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon, 574 F.2d at 1151 (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

Although the court conditionally filed the complaint and advised Rivers to name a proper defendant, Rivers chose to keep the Jail as the sole defendant. Rivers' allegations do not state any claim that entitles him to relief under § 1983 because he names the Jail as the sole defendant, and the Jail is not a "person" subject to suit under § 1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). Even if Rivers named a "person" subject to suit under § 1983, he failed to state any actionable claim.

Rivers fails to state an Eighth Amendment claim for ineffective medical assistance because he fails to establish that any person acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference occurs when a public official must have been personally aware of facts indicating a substantial risk of serious harm, and the official must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). The prisoner must demonstrate that defendants' actions were "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir.1990).

However, claims of medical malpractice and negligent diagnosis are not cognizable in a § 1983 proceeding. Estelle, 429 U.S. at 104-05; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); see Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (noting that treating doctors must actually draw the inference that an inmate's symptoms signify the presence of a

3

particular condition and that a failure to draw such an inference may present a claim for negligence, but not a claim under the Eighth Amendment). A prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam).

Rivers does not establish how medical staff recognized a risk of harm or subsequently refused to act despite their knowledge. Rivers acknowledges meeting the doctor, receiving a diagnosis, and receiving a bagged lunch most of the time. Therefore, Rivers' complaint is merely a disagreement as to the appropriateness of the treatment or negligence, and allegations of misdiagnosis or malpractice are not actionable under § 1983.

Furthermore, a prisoner must allege "either that [a] retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right" to sustain a retaliation claim. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). A plaintiff alleging that a constitutional right has been violated by official retaliation must present more than naked allegations of reprisal to survive dismissal. Id. However, Rivers acknowledges that the "retaliation" of being placed in segregation for twenty-four hours was in response to Rivers violating prison rules, not exercising a constitutional right. Placement in segregation also did not violate a constitutional right because an inmate does not have a constitutional right to be placed in a specific security classification, Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976), nor did it impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life, Sandin v. Conner, 515 U.S. 472, 484, 486-87 (1995). See Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997) (holding that administrative segregation for six months with vermin; human

waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship).

Moreover, Rivers' conclusory claim that the Jail does not serve him enough calories is insufficient to warrant relief. In the absence of any other information, Rivers' weight loss from 230 pounds to 194 pounds can likely be attributed to other biological and environmental reasons rather than "cruel and unusual punishment" from some unnamed Jail official. Finally, Rivers' allegations of racism are conclusory and speculative, and provisions of the inmate handbook do not give rise to any due process right under the Fourteenth Amendment. See Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue).

### III.

For the foregoing reasons, the court dismisses the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 8th day of June, 2009.

                                                Senior United States District Judge